**STATE of Maine**

v.

**Robert J. HUBBARD.**

Supreme Judicial Court of Maine.

Argued Nov. 15, 1984.

Decided Jan. 15, 1985.

John R. Atwood, Dist. Atty., William R. Anderson, Asst. Dist. Atty. (orally), Belfast, for plaintiff.

Richard M. Dostie (orally), Belfast, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

VIOLETTE, Justice.

Robert Hubbard appeals from his convictions, after a jury trial in Superior Court, Waldo County, of criminal operation of a motor vehicle while under the influence of intoxicating liquor or drugs in violation of 29 M.R.S.A. § 1312–B (Supp.1984) and disorderly conduct in violation of 17–A M.R.S.A. § 501 (1983). Hubbard contends that the trial judge committed error by expressing an opinion on an issue of fact in the case, that of the defendant's sobriety, by his instructing the jury that a lay person is permitted to give opinion testimony as to a person's sobriety, thereby violating the provisions of 14 M.R.S.A. § 1105 (1980).[1]

Reading the judge's instruction in its entirety, we do not agree with defendant that the instruction objected to amounts to an expression of opinion, either directly or by inference, on the defendant's condition as

---

1.  14 M.R.S.A. § 1105 (1980) states:
    During a jury trial the presiding justice shall rule and charge the jury, orally or in writing, upon all matters of law arising in the case *but shall not, during the trial, including the charge, express an opinion upon issues of fact* *arising in the case,* and such an expression of opinion is sufficient cause for a new trial if either party aggrieved thereby and interested desires it, and the same shall be ordered accordingly by the law court on appeal in a civil or criminal case. (Emphasis added)

to sobriety. *See, e.g., State v. Hudson*, 325 A.2d 56 (Me.1974); *State v. Brown*, 142 Me. 16, 45 A.2d 442 (1946).

The presiding justice, as part of his instructions, fully informed the jury on how they would evaluate the testimony of witnesses and discussed the various factors they could consider in determining the weight and credibility of the respective witnesses' testimony. He then told the jury that while opinion testimony was generally restricted to expert witnesses, an exception to this rule allowed lay persons to give their opinion on a person's sobriety. He concluded this part of his instruction by cautioning the jury to assess such testimony as they found it appropriate under the circumstances.

While the instruction may have drawn the jury's attention to particular parts of the evidence where witnesses expressed the opinion that defendant appeared to be under the influence of intoxicating liquor, it is our judgment that this does not rise to the level of an expression of opinion by the presiding justice on the issue of defendant's sobriety. Nor do we believe that the instruction was a departure by the judge from a position of neutrality as to the trial testimony which he is required to maintain, particularly when the last portion of the instruction is taken into account. See *State v. Engstrom*, 453 A.2d 1170, 1173 (Me.1982).

We conclude the presiding justice did not commit error.

The entry is:

Judgment affirmed.

All concurring.